# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LUSAN RAHMAN,

    Petitioner,

vs.

CATHERINE CORTEZ-MASTO, *et al.*,

    Respondents.

2:13-cv-01334-GMN-GWF

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner has filed two motions for the appointment of counsel. (ECF Nos. 2 & 19). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. The decision to appoint counsel on a federal petition for a writ of habeas corpus is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). In the instant case, the petition submitted in this action includes many claims, the contents of which suggest that it may be a relatively complex petition. It also appears that petitioner may have had difficulty comprehending the state court proceedings. The Court grants petitioner's motions for the appointment of counsel.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

In light of this order appointing counsel, respondents' pending motion to dismiss the original petition (ECF No. 10) is denied without prejudice to renewing such arguments once a counseled amended petition is filed. Additionally, petitioner's motion for an evidentiary hearing (ECF No. 17) is denied without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's motions for the appointment of counsel (ECF No. 2 & 19) are **GRANTED**. The Federal Public Defender is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the petition for writ of habeas corpus and its attachments (ECF No. 1-1). The FPD shall have **thirty (30) days** from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** a copy of this order to the CJA Coordinator.

**IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 10) is **DENIED WITHOUT PREJUDICE** to renewing such arguments once a counseled amended

1  petition is filed.

2      **IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing
3  (ECF No. 17) is **DENIED WITHOUT PREJUDICE.**

4      **IT IS FURTHER ORDERED** that respondents' motion to file a late pleading (ECF
5  No. 22) is **GRANTED**, **NUNC PRO TUNC**, **to January 9, 2014.**

6      **DATED** this 28th day of February, 2014.

```
                                    _____
                                    Gloria M. Navarro, Chief Judge
                                    United States District Court
```