# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LUSAN RAHMAN,

    Petitioner,

vs.

CATHERINE CORTEZ MASTO, *et al.*,

    Respondents.

Case No. 2:13-cv-1334-GMN-GWF

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. Before the court are two motions: First, respondents' motion to dismiss certain grounds of the first amended petition for lack of exhaustion (ECF No. 33) and second, petitioner's motion to dismiss certain unexhausted grounds of the first amended petition based on his formal abandonment of those grounds (ECF No. 34).

**I.    Procedural History**

Petitioner was convicted, pursuant to a jury trial, of the following: Count 1, attempted murder with the use of a deadly weapon; Count 2, extortion; Count 3, discharging a firearm out of a motor vehicle; and Count 4, discharging a firearm at or into a structure. (Exhibit 2).[1] Petitioner was sentenced to the following: Count 1, 48-120 months incarceration plus an equal and consecutive

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11, 13, 14, 27, 28, and 29.

1  term for use of a deadly weapon; Count 2, 24-60 months to run concurrent with Count 1; Count 3,
2  24-60 months to run concurrent with Counts 1 and 2; and Count 4, 24-60 months, to run concurrent
3  with Counts 1, 2, and 3. (*Id.*). The judgment of conviction was filed June 19, 2007. (*Id.*).
4  Petitioner pursued a direct appeal. On May 20, 2008, the Nevada Supreme Court filed an order
5  affirming petitioner's convictions. (Exhibit 5).

6      Petitioner filed a *pro se* post-conviction habeas petition in the state district court on June 17,
7  2008. (Exhibit 6). On September 24, 2008, the state district court filed an order denying the
8  petition. (Exhibit 8). Petitioner appealed the denial of his petition, and the case was docketed by
9  the Nevada Supreme Court as Case No. 52551.

10     Petitioner filed a second *pro se* post-conviction habeas petition in the state district court on
11 October 8, 2008. (Exhibit 9). Petitioner filed a first amended petition on December 1, 2008.
12 (Exhibit 11). At a February 11, 2009 hearing on the petitions, the court orally denied the petitions.
13 (Exhibit 75). Petitioner appealed the denial of his petitions, which was docketed as by the Nevada
14 Supreme Court as Case No. 53297. The state district court filed an order on March 4, 2009, denying
15 petitioner's December 1, 2008 habeas petition. (Exhibit 13). On February 3, 2010, the Nevada
16 Supreme Court filed an order consolidating Case Nos. 52551 and 53297, and reversing the denial of
17 petitioner's post-conviction habeas petitions. (Exhibit 14). The Nevada Supreme Court remanded
18 the matter to the state district court with instruction to appointment counsel to assist petitioner in his
19 post-conviction proceedings. (*Id.*).

20     On February 6, 2010, the state district court appointed attorney Terrence Jackson to
21 represent petitioner in his post-conviction habeas proceedings. (Exhibit 81). On April 26, 2010,
22 Mr. Jackson withdrew as counsel due to a conflict of interest. (Exhibit 83). At a status check
23 hearing on May 3, 2010, attorney Lisa Rasmussen was appointed as post-conviction counsel and a
24 briefing schedule was set. (Exhibit 84). The state district court's order appointing counsel was filed
25 on May 18, 2010. (Exhibit 20). On May 5, 2011, petitioner filed a motion to discharge counsel,
26 arguing that she failed to file a supplemental or amended post-conviction petition for over one year.
27 (Exhibit 21). The hearing on petitioner's motion was twice continued because attorney Rasmussen
28 was not present. (Exhibits 91, 92). At the second hearing, the state district court granted

petitioner's motion to discharge counsel and ordered Rasmussen to send petitioner a copy of the file. (Exhibit 92). On June 20, 2011, petitioner filed his third post-conviction habeas petition in the state district court. (Exhibit 22).

On August 31, 2011, the state district court appointed attorney Michael Schwarz to represent petitioner in his state post-conviction habeas proceedings. (Exhibit 95). On February 13, 2012, attorney Schwarz filed supplemental points and authorities in support of the post-conviction petition. (Exhibit 24). An evidentiary hearing was held on June 8, 2012. (Exhibit 99). At the end of the hearing, the state district court orally denied the post-conviction habeas petition. (*Id.*). The state district court filed an order denying the petition on August 9, 2012. (Exhibit 100). Petitioner appealed the denial of his post-conviction habeas petition. On May 15, 2013, the Nevada Supreme Court filed an order affirming the denial of the post-judgment habeas petition. (Exhibit 31). Remittitur issued on June 12, 2013. (Exhibit 106).

Petitioner dispatched his *pro se* federal habeas petition on July 16, 2013. (ECF No. 6). On December 11, 2013, respondents filed a motion to dismiss the petition. (ECF No. 11). By order filed March 3, 2014, the Court denied respondents' motion to dismiss without prejudice. (ECF No. 23). Also in the order of March 3, 2014, the Court appointed the Federal Public Defender to represent petitioner in this federal habeas proceeding. (*Id.*). On April 2, 2014, Assistant Federal Public Defender Ryan Norwood filed a notice of appearance representing petitioner. (ECF No. 24). Through counsel, petitioner filed the first amended petition on June 12, 2014. (ECF No. 26). On July 9, 2014, respondents filed a motion to dismiss certain grounds of the first amended petition for lack of exhaustion. (ECF No. 33). On July 14, 2014, petitioner filed a motion to dismiss certain unexhausted grounds of the first amended petition based on his formal abandonment of those grounds. (ECF No. 34). No opposition was filed to either motion.

**II.   Discussion**

In the motion to dismiss, respondents argue that Ground 4(b) (except the portion identified as Ground 4(b)(7), at p. 26 of the first amended petition, lines 1-3), Ground 4(c), Ground 4(d), Ground 4(e), and Ground 5 were not exhausted in state court. (ECF No. 33, at pp. 11-13). Respondents do not contest the exhaustion of Grounds 1, 2, 3, 4(a), or 4(b)(7). (*Id.*, at p. 11). In

response to the motion to dismiss, petitioner filed his own motion to dismiss the unexhausted claims identified in the motion to dismiss. Pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982), a petition must be completely exhausted before a federal court can consider its claims on the merits. If some claims in the petition are unexhausted, "the petitioner can always amend the petition to delete the unexhausted claims, rather than return to state court to exhaust all of his claims." *Id.* at 520. Alternatively, the petitioner can seek a stay of federal proceedings while he returns to state court to exhaust all of his claims. *See Rhines v. Weber*, 544 U.S. 269 (2005).

In the instant case, petitioner's counsel explains that he has met with his client and explained the options, and potential risks of each option. (ECF No. 34, at p. 2). Petitioner moves to delete the claims that the State contends are not exhausted, including Ground 4(b) (except the portion identified as Ground 4(b)(7), at p. 26 of the first amended petition, lines 1-3), Ground 4(c), Ground 4(d), Ground 4(e), and Ground 5. Petitioner states that he formally abandons the deleted claims. Petitioner abandons the unexhausted claims with the understanding that the remaining claims will be answered by the respondents. The Court grants petitioner's motion to dismiss the unexhausted claims with prejudice and to direct the State to answer the remaining claims. *See Rose v. Lundy*, 455 U.S. at 522.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion to dismiss unexhausted grounds of the first amended petition (ECF No. 34) is **GRANTED.** The following unexhausted grounds of the first amended petition have been formally abandoned by petitioner and are **DISMISSED WITH PREJUDICE**: Ground 4(b) (except the portion identified as Ground 4(b)(7), at p. 26 of the first amended petition, lines 1-3), Ground 4(c), Ground 4(d), Ground 4(e), and Ground 5.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 33) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to the remaining grounds of the first amended petition within **forty-five (45) days** from the entry of this order. **The answer shall include substantive arguments on the merits of each remaining ground of the first amended petition. Each remaining ground of the first amended**

1 **petition shall be discussed individually, and the State's answer shall not contain general
2 argument that is unconnected with a specific ground for relief.** No further motions to dismiss
3 will be entertained.

4     **IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to
5 the answer, within **forty-five (45) days** after being served with the answer.

6     **IT FURTHER IS ORDERED** that any further exhibits filed by the parties shall be filed
7 with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF
8 attachments that are filed further shall be identified by the number or numbers (or letter or letters) of
9 the exhibits in the attachment. The hard copy of any additional exhibits shall be forwarded – for
10 this case – to the staff attorneys in **Reno, Nevada.**

11     **DATED** this 5th day of November, 2014.

                                              Gloria M. Navarro, Chief Judge
                                              United States District Court